## Lancaster Electric Light Company v. Taylor.

(Decided March 24, 1916.)

### Appeal from Garrard Circuit Court.

Evidence—Electricity—Franchise.—In an action for damages resulting from the stringing of electric wires too near the surface of private grounds in a city, evidence that the city franchise required that such wires shall be strung a certain distance above the ground on the streets of the city is incompetent. For original opinion, see 168 Ky. 179.

LEWIS L. WALKER and HAZELRIGG & HAZELRIGG for appellant.

O'REAR & WILLIAMS, J. E. ROBINSON and G. E. WALKER for appellee.

EXTENDED OPINION OF THE COURT BY JUDGE TURNER.

In a petition for an extension of the opinion herein our attention has been called to the fact that the court inadvertently failed to pass upon an important question of evidence.

On the trial in the circuit court the plaintiff was permitted to read in evidence, over defendant's objection, the franchise granted to appellant which required "all wires upon poles shall be not less than twenty-five feet above the ground or street, and shall be placed at greater or less height or at such height above ground when and wherever so directed by said city."

It is apparent that this provision of the franchise only had reference to and should be applied only to the stringing of wires on the streets or highways of the city and not to the placing of wires on private property such as that upon which the accident to appellee happened.

The court properly in its instruction required of the defendant that its wires should have been strung on the property in question only a reasonably safe distance above the ground for the protection of those using the same; but permitting the introduction of the provision of this franchise requiring the wires on public streets to be twenty-five feet above the ground might have been, and probably was, misleading to the jury. It was, therefore, error to permit this provision of the franchise to be read in evidence.

The opinion is extended as herein indicated.